**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1998 SESSION**

FILED

**August 17, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9708-CC-00322** |
| Appellee, | ) | |
| | ) | **GREENE COUNTY** |
| VS. | ) | |
| | ) | **HON. JAMES E. BECKNER,** |
| **BOBBY JOE BALL,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Robbery) |

FOR THE APPELLANT:                FOR THE APPELLEE:


**GREG EICHELMAN**                **JOHN KNOX WALKUP**
District Public Defender          Attorney General & Reporter

**ETHEL P. LAWS**                 **CLINTON J. MORGAN**
Asst. Public Defender             Counsel for the State
1609 College Park Dr., Box 11     John Sevier Bldg.
Morristown, TN 37813              425 Fifth Ave., North
                                  Nashville, TN  37243-0493


                                  **C. BERKELEY BELL**
                                  District Attorney General

                                  **CECIL C. MILLS**
                                  Asst. District Attorney General
                                  109 S. Main St.
                                  Greeneville, TN 37743


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted on robbery.[1]  Following a jury trial, the defendant was found guilty and sentenced as a Range II multiple offender to ten years imprisonment in the Department of Correction.  The defendant now appeals as of right, arguing that the evidence is insufficient to support his conviction and that the sentence imposed is excessive.  Based on our review of the record, we do not agree.

The victim was walking down the street when the defendant approached him and asked for money.  When the victim refused, the defendant kicked him, took his wallet, and removed forty-two dollars ($42.00) from it.  The defendant also took the victim's pocket knife, opened it, and told the victim he was going to cut his throat.  The altercation with the defendant bruised the victim's arm, shoulder, and hip.  The police were called, and the defendant was found lying under a bush behind a nearby house.  In the defendant's pocket was forty-two dollars ($42.00) and the victim's pocket knife.  The victim positively identified the defendant as the man who robbed him.

Based on this evidence, the jury found the defendant guilty of robbery.  At the sentencing hearing, defense counsel admitted the defendant was a Range II multiple offender and that his possible sentence for robbery, a Class C felony, was six to ten years.  See T.C.A. § 40-35-112(b)(3).  The trial court found two enhancement factors: that the defendant had a prior criminal history and that the defendant had exhibited an unwillingness to comply with conditions involving release in the community.  See T.C.A. § 40-35-114(1), (8).  The trial court placed great weight on both of these factors and found no mitigating factors.  As such, the trial court gave the defendant the maximum

---

[1]The defendant was also indicted on charges of public intoxication and resisting arrest.  He pled guilty on these charges and was sentenced.  He does not appeal from these convictions or sentences.

sentence of ten years in the Department of Correction.

The defendant first argues that the evidence was insufficient to convict him of robbery. When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Contrary to the defendant's suggestion, the victim's testimony need not be corroborated in order to sustain a conviction for robbery. Moreover, any inconsistencies in the testimony of the trial witnesses would be left for the jury, not this Court, to resolve. Id. Further, any testimony by the victim that he was not fearful of the defendant is irrelevant to the conviction in this case as the defendant was indicted and convicted of robbery by violence, not robbery by placing the victim in fear. T.C.A. § 39-13-401(a)(defining robbery as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear")(emphasis added). Here, the State provided ample evidence upon which the jury could conclude that the defendant intentionally or knowingly took the victim's property by violence. As such, the defendant's argument must fail.

The defendant also argues that the sentence imposed was excessive considering that the property he stole from the defendant was worth so little. The

3

defendant does not challenge the enhancement factors found by the trial court. Instead, the defendant argues that the trial court erred in failing to consider mitigating factor (13), "any other factor consistent with the purposes of this chapter," see T.C.A. § 40-35-113(13), to conclude that robbing a victim of forty-two dollars ($42.00) and a pocket knife "is not a robbery which would rise to the need to enhance the defendant's sentence to its maximum limit of ten years." This argument is akin to a convicted crack cocaine dealer arguing his sentence should be shortened because the amount of crack cocaine he sold was small. See State v. Tony Bryant, C.C.A. No. 288, Bradley County (Tenn. Crim. App. filed April 15, 1991, at Knoxville). The defendant was convicted of robbery by violence; the value of property the victim happened to be carrying at the time is not a statutory mitigating factor. This argument is without merit.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge

4